Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Ave.
South Pasadena, CA 91030

Tel: 626-799-9797
Fax: 626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
G & G Closed Circuit Events, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

G & G CLOSED CIRCUIT EVENTS, LLC,

Plaintiff,

vs.

JOSE ANTONIO TRUJILLO, et al.,

Defendants.

Case No. 8:18-cv-01606-WDK-JC

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS APPLICATION FOR DEFAULT JUDGMENT BY THE COURT

TO THE HONORABLE COURT, THE DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:

Plaintiff, G & G Closed Circuit Events, LLC, by and through its attorneys of record, submits this Memorandum in Support of its Application for Default Judgment against Defendants Jose Antonio Trujillo, individually and d/b/a La Rinconada Mexican Cuisine, and Tortilla Spoon Corporation, an unknown business entity d/b/a La Rinconada Mexican Cuisine (hereinafter "Defendants") (hereinafter "Defendants"). For the reasons set forth herein, as well as the reasons

set forth in Plaintiff's Application for Default Judgment and supporting evidence, Plaintiff respectfully requests that its Application for Entry of Default Judgment be granted.

Dated: November 21, 2018

/s/ *Thomas P. Riley*
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By: Thomas P. Riley
Attorneys for Plaintiff
G & G Closed Circuit Events, LLC

# TABLE OF CONTENTS

PAGE(S)


TABLE OF AUTHORITIES....................ii

INTRODUCTION....................3

PROCEDURAL HISTORY....................4

ARGUMENT....................4

I. PLAINTIFF IS ENTITLED TO DEFAULT JUDGMENT AS THE NINTH CIRCUIT FACTORS OUTLINED IN *EITEL v. McCOOL* ARE SATISFIED....................4

II. PLAINTIFF IS ENTITLED TO STATUTORY DAMAGES AND ENHANCED DAMAGES AS PERMITTED UNDER THE UNITED STATES CODE....................12

A. The Facts Of This Case Are Particularly Egregious....................13

B. Piracy Statutes Contemplate Specific And General Deterrence....................14

C. Statutory Damages Under 47 U.S.C. § 605(e)(3)(C)(i)(II)....................14

D. Enhanced Damages Under 47 U.S.C. § 605(e)(3)(C)(ii)....................16

III. PLAINTIFF IS ENTITLED TO DAMAGES FOR CONVERSION....................19

IV. PLAINTIFF IS ENTITLED TO COSTS AND REASONABLE ATTORNEYS' FEES....................20

CONCLUSION....................20

# TABLE OF AUTHORITES

PAGE(S)

**CASES**

*Adobe Systems Inc. v. Kern,*
2009 WL 5218005 (N.D.Cal. Nov. 24, 2009) .................................................. 5-6

*Danning v. Lavine,*
572 F.2d 1386 (9th Cir. 1978) ..........................................................................12

*Directv, Inc. v. Cibulka,*
2011 WL 3273058 (M.D.Pa. July 29, 2011) ........................................................9

*Directv, Inc. v. Webb,*
545 F.3d 837 (9th Cir. 2008) ..............................................................................7

*Eitel v. McCool,*
782 F.2d 1470 (9th Cir. 1986) .................................................................... 4-12

*Ellison v. Robertson,*
357 F.3d 1072 (9th Cir. 2004) ..........................................................................17

*ESET, LLC v. Bradshaw,*
2011 WL 2680497 (S.D.Cal. July 8, 2011).....................................................5, 12

*Fair Housing of Marin v. Combs,*
285 F.3d 899 (9th Cir. 2002) ..................................................................5, 6, 12

*F.W. Woolworth Co. v. Contemporary Arts, Inc.*,
344 U.S. 228 (1952)..........................................................................................15

*J & J Sports Productions, Inc. v. Bongo's Sports Bar, Inc.*,
2011 WL 1496957 (S.D.Tex. April 19, 2011) .....................................................14

*J & J Sports Productions, Inc. v. Diaz De Leon,*
2012 WL 79877 (W.D.Ark. Jan. 11, 2012)............................................................9

*J & J Sports Productions, Inc. v. Hernandez,*
2011 WL 3319558 (E.D.Cal. Aug. 1, 2011) ..........................................................6

*J & J Sports Productions, Inc. v. Lim,*
Case No. 13-cv-08949, Dkt. No. 30 at 5, n.1 (C.D.Cal. Sept. 28, 2015) ...............18

*J & J Sports Productions, Inc. v. Marcaida,*
2011 WL 2149923 (N.D.Cal. May 31, 2011).....................................................7, 17

*J & J Sports Productions, Inc. v. McCausland,*
2012 WL 113786 (S.D.Ind. Jan. 13, 2012) .........................................................14

*J & J Sports Productions, Inc. v. Mikhael,*
2016 WL 2984191 (C.D.Cal. May 19, 2016)...................................................... 8-9

*J & J Sports Productions, Inc. v. Morris*,
Case No. 14-cv-3266 (C.D.Cal. Feb. 16, 2017, Dkt. No. 69) ................................18

*J & J Sports Productions Inc. v. Olivares*,
2011 WL 587466 (E.D.Cal. Feb 9, 2011) ..........................................................7

*J & J Sports Productions, Inc. v. Paolilli*,
2011 WL 6211905 (E.D.Cal. Dec. 14, 2011).......................................................19

*J & J Sports Productions, Inc. v. Ramos*,
2012 WL 4575338 (S.D.Cal. Oct. 2, 2012)..........................................................6

*J & J Sports Productions, Inc. v. Sanchez*,
2011 WL 5041022 (S.D.Cal. Oct. 24, 2011)..............................................6, 11, 20

*J & J Sports Productions, Inc. v. Tilakamonkul*,
2011 WL 2414550 (E.D.Cal. June 10, 2011).......................................................17

*J & J Sports Productions, Inc. v. Tonita Restaurant, LLC*,
2015 WL 9462975 (E.D.Ky. Dec. 28, 2015).........................................................16

*J & J Sports Productions, Inc. v. J.R.'Z Neighborhood Sports Grille, Inc.*,
2010 WL 1838432 (D.S.C. Apr. 5, 2010) ..........................................................8

*Joe Hand Promotions, Inc. v. Fierro*,
2015 WL 351663 (E.D.Cal. Jan. 26, 2015) ...................................................6, 7, 10

*J & J Sports Productions, Inc. v. Torres*,
2011 WL 6749817 (E.D.Cal. Dec. 22, 2011).......................................................11

*Joe Hand Promotions, Inc. v. Gamino*,
2011 WL 66144 (E.D.Cal. Jan. 10, 2011)............................................................14

*Joe Hand Promotions, Inc. v. Sorondo*,
2011 WL 4048786 (E.D.Cal. Sept. 9, 2011) .........................................................17

*Joe Hand Promotions, Inc. v. Tickle*,
2016 WL 393797 (M.D.Pa. Feb 2, 2016)............................................................ 9-10

*Joe Hand Promotions, Inc. v. Upstate Recreation*,
2015 WL 685461 (D.S.C. Feb. 18, 2015) ...........................................................9

*Joe Hand Promotions, Inc. v. Wing Spot Chicken & Waffles, Inc.*
2013 WL 394400 (E.D.Va. Jan. 30, 2013)...........................................................17

*Kingvision Pay-Per-View, Ltd. v. Jasper Grocery*,
152 F.Supp. 438 (S.D.N.Y. 2001) .....................................................................15

*Philip Morris USA v. Castworld Prods., Inc.*,
219 F.R.D. 494 (C.D.Cal. 2003)...........................................................................4

*Tyrone Pac. Intern., Inc. v. MV Eurychili*,
658 F.2d 664 (9th Cir. 1981) ..............................................................................5

*Virgin Records America, Inc. v. Cantos*,
2008 WL 2326306 (S.D.Cal. June 3, 2008) ........................................................11

**STATUTES AND RULES**

United States Code

17 U.S.C. § 504..........................................................................................16

47 U.S.C. § 605......................................................................................passim

47 U.S.C. § 553......................................................................................passim

Federal Rules of Civil Procedure

4 ..............................................................................................................11

California Statutes

Cal. Code Civ. § 3336...............................................................................19

Local Rules of the Central District of California

55 ............................................................................................................20

# INTRODUCTION

Plaintiff G & G Closed Circuit Events, LLC (hereinafter "Plaintiff") is an international distributor of sports and entertainment programming. By contract, Plaintiff purchased the domestic commercial exhibition rights to broadcast the *Gennady Golovkin v. Saul Alvarez IBF World Middleweight Championship Fight Program,* telecast nationwide on Saturday, September 16, 2017 (hereinafter referred to as the "Program"). *Complaint* ¶ 16 (Dkt. No. 1). *Gagliardi Affidavit* ¶ 3. This *Program* included the main event (between Golovkin (a/k/a "GGG") and Alvarez (a/k/a "Canelo") along with undercard bouts, televised replay, and color commentary, hereinafter collectively referred to as the "*Program.*" *Id.; Gagliardi Affidavit* ¶ 7. Pursuant to the contract granting Plaintiff its distribution rights, Plaintiff entered into sub-licensing agreements with various commercial establishments to permit the public exhibition of the Program. *Complaint* ¶ 17; *Gagliardi Affidavit* ¶ 3. Without the authorization of Plaintiff, Defendants unlawfully intercepted and exhibited the Program at her commercial establishment, La Rinconada Mexican Cuisine, located at 300 West 5th Street, Santa Ana, California 92701. *Complaint* ¶ 19; *Declaration of Affiants*.

The *Program* was observed being broadcast at Defendants' establishment by two investigators. *See Declaration of Affiants.* As detailed in the investigator affidavits, the violation herein was particularly egregious. Plaintiff discusses the

specific factors present in this case, which include both a substantial cover charge and advertising, in the damages section below.

## PROCEDURAL HISTORY

Plaintiff filed its Complaint against Defendants on September 10, 2018. (Dkt. No. 1). Defendants were served on October 9, 2018. (Dkt. Nos. 15-16). The validity of service is addressed in Argument Section I, *infra*. Default was entered against Defendants on November 2, 2018. (Dkt. No. 18). Plaintiff now seeks default judgment against Defendants.

## ARGUMENT

### I. PLAINTIFF IS ENTITLED TO DEFAULT JUDGMENT AS THE NINTH CIRCUIT FACTORS OUTLINED IN *EITEL v. McCOOL* ARE SATISFIED.

The factors to be considered in ruling on an application for default judgment are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D.Cal. 2003). Upon entry of default, all well-pleaded facts in the complaint are

taken as true, save those related to the amount of damages. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

With respect to prejudice, Plaintiff will be prejudiced if default is not entered because it has sustained injury as a result of the actions of Defendants and without default judgment, Plaintiff will be left without a judicial resolution to its claims and without other recourse for recovery. *See ESET, LLC v. Bradshaw*, 2011 WL 2680497, *2 (S.D.Cal. July 8, 2011) ("In this case, Plaintiff would suffer prejudice if the motion were denied; Plaintiff has no other recourse for recovery. This factor therefore favors entry of default judgment.").

The second and third *Eitel* factors "require that Plaintiff's allegations state a claim upon which it may recover." *Adobe Systems Inc. v. Kern*, 2009 WL 5218005, *3 (N.D.Cal. Nov. 24, 2009) (internal quotation omitted); *ESET, LLC*, 2011 WL 2680497 at *2. To prevail under 47 U.S.C. § 605 or 47 U.S.C. § 553, Plaintiff must demonstrate that it has a proprietary interest in the *Program* and that Defendants unlawfully intercepted, received, published, divulged, displayed, and/or exhibited the *Program* at La Rinconada Mexican Cuisine without the authorization of Plaintiff. *See* 47 U.S.C. § 605(a); 47 U.S.C. § 553(a). To prevail on the conversion claim, Plaintiff must demonstrate ownership or right to possession of property, wrongful disposition of the property right by Defendants, and damages. *Tyrone Pac. Intern., Inc. v. MV Eurychili*, 658 F.2d 664, 666 (9th Cir. 1981).

Plaintiff's Complaint properly alleges the elements of the above causes of action and, therefore, the first two factors of the *Eitel* analysis are satisfied. *See Complaint*, ¶¶ 15-24, 25-29, 30-33; *see J & J Sports Productions, Inc. v. Hernandez*, 2011 WL 3319558, *4 (E.D.Cal. Aug. 1, 2011). Similarly, as all well-pled allegations of fact are taken as true, Plaintiff has also satisfied the fifth *Eitel* factor. *See Adobe Systems*, 2009 WL 5218005 at *6, *citing Fair Housing of Marin*, 285 F.3d at 906. In *J & J Sports Productions, Inc. v. Sanchez*, 2011 WL 5041022 (S.D.Cal. Oct. 24, 2011), the district court held that, "because Plaintiff has sufficiently plead the claims asserted and offered a sworn affidavit from the investigator who observed and documented Defendants' violation, dispute as to material facts is unlikely." *Id.* at *2. Plaintiff submits the same evidence herein. California district courts have routinely found similar allegations sufficient to state a claim and have routinely granted default judgment based on similar allegations. *E.g. J & J Sports Productions, Inc. v. Ramos*, 2012 WL 4575338, *2 (S.D.Cal. Oct. 2, 2012); *Sanchez*, 2011 WL 5041022 at *2; *Hernandez*, 2011 WL 3319558 at *5*; Joe Hand Promotions, Inc. v. Fierro*, 2015 WL 351663, *2-3 (E.D.Cal. Jan. 26, 2015).

While entry of default necessitates a finding of liability under both sections 605 and 553, Plaintiff only seeks liability and damages on its claim under 47 U.S.C. § 605 (as well as its claim for conversion). While the Ninth Circuit has not ruled on the specific application of sections 605 and 553, courts generally apply

section 605 to satellite violations and section 553 to cable violations. *See J & J Sports Productions, Inc. v. Marcaida*, 2011 WL 2149923, *2 (N.D.Cal. May 31, 2011). Due to Defendants' failure to participate, Plaintiff cannot be certain of the method of interception and requests that the Court award damages under 47 U.S.C. § 605. *Fierro*, 2015 WL 351663 at *2 (E.D.Cal. Jan. 26, 2015) ("Plaintiff should not be prejudiced by defendant's failure to appear or defend itself in this action and the court concludes, therefore, that statutory damages should be awarded under section 605."); *J & J Sports Productions Inc. v. Olivares*, 2011 WL 587466, *2 (E.D.Cal. Feb 9, 2011 ("Having accepted the well pleaded allegations of the complaint as true, Plaintiff is entitled to judgment based on Defendants' violation of 47 U.S.C. § 605.").

In *Marcaida*, also a default judgment case, the district court held:

> Plaintiff cannot determine the precise means Defendant used to receive the program unlawfully. . .. . . . Plaintiff has adequately pleaded facts in support of each of his claims. Taking these facts as true as the Court must, Plaintiff's claims have merit.

2011 WL 2149923 at *2. Such a finding is also in keeping with the Ninth Circuit's observation that obtaining direct evidence of signal interception is difficult. *Directv, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008) ("The law does not require direct evidence to support a factual finding. Circumstantial evidence may be sufficiently persuasive. Signal piracy is by its very nature a surreptitious venture and direct evidence may understandably be hard to come by.").

The above analysis establishes an unlawful interception and receipt of Plaintiff's *Program.* To hold an individual defendant liable when there is a corporate owner (as is the case herein), an additional layer of analysis is required. Plaintiff must demonstrate that Defendant had "a right and ability to supervise the violations and . . . a strong financial interest in such activities." *J & J Sports Productions, Inc. v. J.R.'Z Neighborhood Sports Grille, Inc.*, 2010 WL 1838432, *2 (D.S.C. Apr. 5, 2010); *J & J Sports Productions, Inc. v. Mikhael*, 2016 WL 2984191, *2 (C.D.Cal. May 19, 2016).

At all times relevant hereto, Defendant Trujillo was an officer of Tortilla Spoon Corporation, and was specifically identified on the California Department of Alcoholic Beverage Control license (No. 564730) issued for La Rinconada Mexican Cuisine as an Officer and Stockholder of the corporation. *Complaint* ¶¶ 7-8. In addition, Defendant had a right and ability to supervise the interception of this specific *Program,* had the obligation to supervise the activities of La Rinconada Mexican Cuisine on September 16, 2017, specifically directed or permitted the interception of this specific *Program, Id.* ¶ 23, and had a strong financial interest in the interception of this specific *Program* (which included increased profits). *Id.* ¶¶ 9-14. These allegations are supported by public records. *See Riley Declaration* Ex. 1, 2 (Statement of Information; Liquor License – identifying Defendant Trujillo as, *inter alia*, Chief Executive Officer, Director, Chief Financial Officer, Secretary, and President of Tortilla Spoon Corporation).

In fact, Defendant Trujillo is the sole individual identified as having either an officer or director position. *See Id.*

In *Mikhael*, 2016 WL 2984191 at *2, this Court found the individual defendants liable (along with the corporate defendant) when they were members of the LLC (one was also the registered agent); *see J & J Sports Productions, Inc. v. Diaz De Leon*, 2012 WL 79877, *2 (W.D.Ark. Jan. 11, 2012) ("Personal liability against Defendant de Leon is appropriate in this case based upon the allegations of the Complaint, which states that upon information and belief, de Leon had supervisory capacity and control over, and received a financial benefit from, the activities occurring within El Coyote on May 1, 2010."); *Directv, Inc. v. Cibulka*, 2011 WL 3273058, *1 (M.D.Pa. July 29, 2011) (finding individual liability because defendant was "the proprietor . . . [and]. . . ha[d] both the right and ability to supervise the distribution of 'NFL Sunday Ticket' to patrons, as well as a financial interest in attracting patrons . . . through [its] distribution . . . ."); *Joe Hand Promotions, Inc. v. Upstate Recreation*, 2015 WL 685461, *7 (D.S.C. Feb. 18, 2015).

In *Joe Hand Promotions, Inc. v. Tickle*, 2016 WL 393797 (M.D.Pa. Feb 2, 2016), the court addressed the issue of individual liability and found the individual defendant liable because:

> First, in his official capacity as well as in his capacity as a registrant on his establishment's liquor license, Defendant . . . had the "right and ability to supervise" the piracy at issue as a matter of law. It is not

> necessary that Defendant violated the law himself or that he was present for the violation. Based on Defendant's official role at the establishment, he was responsible for the acts of his agents, his bartenders and other staff, and it is enough to hold him vicariously liable to the extent that one of his employees committed the piracy at issue.

*Id.* at *13. Next, the *Tickle* Court concluded:

> Defendant enjoyed "a direct financial interest in the violation." That is to say, the enhanced profits earned from attracting patrons with a bootlegged program were directly related to the profits earned by Defendant's establishment, and by extension, Defendant himself would reap on a given night. That is a mere consequence of everyday business incentives. It is also why lawmakers have enacted anti-piracy legislation: absent such penalties necessary to curb the evident moral hazard of such commercial piracy, the establishment owner would collect an ill-gotten gain, while the program distributor would incur all the costs associated with production and transmission.

*Id.* at *14.

As to the amount of money at stake, the amounts requested by Plaintiff for its federal claim, $7,500 in statutory damages and $35,000 in "enhanced" statutory damages, are reasonable in that they are within the limits established by the United States Congress pursuant to statute. *See e.g.* 47 U.S.C. §§ 605(e)(C)(3)(i)(II) and (e)(3)(ii).[1] Indeed, the amount of total damages requested under section 605 is substantially less than the total amount authorized by Congress. *See* 47 U.S.C. § 605(e)(3)(C)(i)(II) and (e)(3)(C)(ii). The amount

[1] While the term "enhanced" does not appear in 47 U.S.C. § 605(e)(3)(C)(ii), it is frequently used to differentiate between damages awarded under 47 U.S.C. § 605(e)(3)(C)(i) and (ii). *See e.g. Fierro*, 2015 WL 351663 at *3. Plaintiff utilizes the term herein.

Plaintiff seeks for its conversion count is simply the value of the property at the time of its conversion. Because Plaintiff is an aggrieved party under section 605, Plaintiff is entitled to the damages permissible by statute, and thus this factor weighs in favor of default judgment. *See Sanchez*, 2011 WL 5041022 at *2 (holding that the "the sum of money at stake is not substantial" under similar circumstances). In addition, because this Court has discretion to make a damages award that it deems appropriate, even if this factor weighed against default judgment, it does not outweigh the other factors. *J & J Sports Productions Inc. v. Torres*, 2011 WL 6749817 at *5 (E.D.Cal. Dec. 22, 2011).

Next, there is no evidence that the failure of Defendants to respond was due to excusable neglect. The Defendants were validly served – Defendant Trujillo was personally served, and Defendant Tortilla Spoon Corporation was served via its officer, Defendant Trujillo. *See Proofs of Service* (Dkt. Nos. 15-16); *see* Fed.R.Civ.P. 4(e)(2)(A); Fed.R.Civ.P. 4(h)(1)(B). A sworn proof of service constitutes "prima facie evidence of valid service which can be overcome only by *strong and convincing evidence*." *Securities & Exchange Comm'n v. Internet Solutions for Business, Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (emphasis added). The failure of Defendants to respond despite being properly served establishes that their default was not due to excusable neglect. *Virgin Records America, Inc. v. Cantos*, 2008 WL 2326306, *3 (S.D.Cal. June 3, 2008).

The only *Eitel* factor that weighs in favor of the Defendants is the last, the policy favoring decisions on the merits. Of course, this factor arguably always weighs against the entry of default judgment. Moreover, "[a] Defendant's failure to answer the plaintiff's complaint makes a decision on the merits impractical, if not impossible." *ESET, LLC*, 2011 WL 2680497 at *3 (citation omitted). Finally, this factor, standing alone, is not enough to preclude default judgment. *Id.* When all of the *Eitel* factors are considered, default judgment is appropriate in this case.

## II. PLAINTIFF IS ENTITLED TO STATUTORY DAMAGES AND ENHANCED DAMAGES AS PERMITTED UNDER THE UNITED STATES CODE.

Defendants' default serves as an admission of Plaintiff's well-pled allegations of fact with respect to liability. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 978). Default, however, does not establish damages. *Fair Housing of Marin*, 285 F.3d at 906. A party aggrieved under section 605 may, at its discretion, recover either actual or statutory damages. 47 U.S.C. § 605(e)(3)(C). Plaintiff elects to recover statutory damages. Plaintiff requests statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II). The amount of statutory damages to which Plaintiff is entitled for each violation of this section shall be not less than $1,000.00 nor more than $10,000.00. *Id.* Next, Plaintiff requests enhanced damages pursuant to section 605(e)(3)(C)(ii). 47 U.S.C. § 605(e)(3)(C)(ii) permits this Court, in its discretion, to award up to $100,000.00 in additional damages where "the violation was committed willfully and for the purposes of direct or

indirect commercial advantage or private financial gain . . . ." 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff requests $7,500 in statutory damages and $35,000 in enhanced statutory damages, for a total award of $42,500.

A. The Facts Of This Case Are Particularly Egregious.

While Plaintiff's damages request herein is higher than some recent requests, the damages are justified in light of the serious nature of the violation. Although Plaintiff maintains that there is no such thing as a "run of the mill" piracy case, even given this Court's prior approach to damages, this case is particularly egregious, and there can be no question that Defendants sought to exploit Plaintiff's protected rights for their own benefit.

The *Program* was observed being broadcast at La Rinconada Mexican Cuisine by two investigators. *See Declaration of Affiants*. First, Randy Cervantes observed the main event between Golovkin and Alvarez. *Id.* (Cervantes at 1). Most notably, Mr. Cervantes paid a *$20.00* cover charge. *Id.* In fact, the requirement of the $20.00 cover charge was confirmed both by a poster on the front door of the restaurant and by advertising. *See Id.* (Cervantes at 4, 6). Mario Galvez also viewed the *Program* (an undercard bout) at La Rinconada Mexican Cuisine. *Id.* (Galvez at 1). Mr. Galvez also paid a $20.00 cover. *Id.* Mr. Galvez entered at 5:11 p.m., *Id.*, and Mr. Cervantes entered at 8:42 p.m., *Id.* (Cervantes at 1), meaning there is a reasonable presumption that the cover charge was required during the entirety of the *Program*. In other words, for several hours. Both investigators

estimated the capacity to be 100 or fewer, meaning the commercial fee for the broadcast was the minimum fee of $2,500. *See Id.*; *Gagliardi Affidavit* ¶ 8.

A cover charge and advertising are primary considerations of enhanced statutory damages. *J & J Sports Productions, Inc. v. Bongo's Sports Bar, Inc.*, 2011 WL 1496957, *2 (S.D.Tex. April 19, 2011) (noting cover charge in awarding $50,000 enhancement); *J & J Sports Productions, Inc. v. McCausland*, 2012 WL 113786, *4 (S.D.Ind. Jan. 13, 2012) (noting absence of cover charge and advertising in awarding $10,000 in statutory damages and a $30,000 enhancement).

B. <u>Piracy Statutes Contemplate Specific And General Deterrence.</u>

A primary goal of piracy awards is deterrence, and the piracy statutes contemplate both specific and general deterrence. *Joe Hand Promotions, Inc. v. Gamino*, 2011 WL 66144, *4 (E.D.Cal. Jan. 10, 2011) ("the amount of damages awarded should be in an amount that is adequate to deter these Defendants *and others* from committing similar acts in the future") (emphasis added); *McCausland*, 2012 WL 113786 at *4 ("the need to send a deterrent signal to Defendants and other would-be offenders is paramount").

C. <u>Statutory Damages Under 47 U.S.C. § 605(e)(3)(C)(i)(II).</u>

The Ninth Circuit has not established a formula for calculating damages under 47 U.S.C. § 605, and this Court has discretion in awarding such damages. While some courts have looked to the licensing fee to determine an appropriate

statutory damages award, this method undervalues the *Program* and fails to compensate Plaintiff adequately. *See Kingvision Pay-Per-View, Ltd. v. Jasper Grocery*, 152 F.Supp.438, 442 (S.D.N.Y. 2001) ("a damage award based exclusively on licensing fees would undercompensate the plaintiff because the availability of unauthorized access to the program reduces demand and depresses the prices that [plaintiff] can charge for sublicenses"). In addition, a statutory award on presumed actual losses also conflates two separate sections of 47 U.S.C. § 605(e)(3)(C). Statutory damages are awarded as an alternative to actual damages. *See* 47 U.S.C. § 605(e)(3)(C)(i). The purpose of awarding statutory damages is that actual damages are often difficult to prove. In *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228 (1952), the Supreme Court discussed the purposes of providing for statutory damages:

> [A] rule of liability which merely takes away the profits from an infringement would offer little discouragement to infringers. It would fall short of an effective sanction for enforcement of the copyright policy. *The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct.* The discretion of the court is wide enough to permit a resort to statutory damages for such purposes. Even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy.

*Id.* at 233 (emphasis added).[2] Ultimately, an award of statutory damages based on a presumed actual loss, i.e., the commercial licensing fee, negates the purpose of having two separate types of damages available.

The commercial licensing fee herein was $2,500. *Gagliardi Affidavit* ¶ 8. In keeping with the above, Plaintiff requests $7,500 in statutory damages, which is 3x the commercial licensing fee. *J & J Sports Productions, Inc. v. Tonita Restaurant, LLC*, 2015 WL 9462975, *5, n.8 (E.D.Ky. Dec. 28, 2015) (awarding $6,600 in statutory damages, 3x the licensing fee, and holding that "a treble award, as Plaintiff suggests, [is] appropriate here. Unlawful access must cost a violator more than face ticket price").

D. Enhanced Damages Under 47 U.S.C. § 605(e)(3)(C)(ii).

The fact that Defendants acted willfully and for financial gain is established by various factors, including the cover charge and advertising. Indeed, the cover charge and advertising alone is sufficient to establish Plaintiff's entitlement to enhanced statutory damages. Nonetheless, this is also established by case law:

> The defendant restaurant is a commercial establishment, and on the night of the Exhibition hosted approximately forty patrons, who were able to enjoy the Exhibition at no cost to the defendant restaurant. . . . Because the defendant showed the Exhibition on all of its televisions at no cost, the Court concludes that the defendant acted willfully for commercial advantage and private financial gain.

[2] This was a Copyright Act case. As with 47 U.S.C. § 605, a violation of the Copyright Act may result in either actual damages or statutory damages. *See* 17 U.S.C. § 504(a).

*Joe Hand Promotions, Inc. v. Wing Spot Chicken & Waffles, Inc.*, 920 F.Supp.2d 659, 668-69 (E.D.Va. 2013); *see also Marcaida*, 2011 WL 2149923 at *4. The Ninth Circuit case of *Ellison v. Robertson*, 357 F.3d 1072 (9th Cir. 2004), while addressing a different legal issue (i.e., vicarious copyright liability), is instructive with respect to financial gain. In *Ellison*, the Ninth Circuit clarified an earlier decision and held:

> We concluded in [*Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259 (9th Cir. 1996)] that "the sale of pirated recordings at the Cherry Auction swap meet is a 'draw' for customers," which we held sufficient to state the financial benefit element of the claim for vicarious liability. *Fonovisa*, 76 F.3d at 263–64. There is no requirement that the draw be "substantial."

*Ellison*, 357 F.3d at 1078-79 (citation / quotation in original). *Ellison* indicates that the availability of the infringing material is a draw sufficient to establish financial gain.

The fact that Defendants acted willfully and for the purpose of financial gain is also established by the testimony of Mr. Gagliardi, *Gagliardi Affidavit* ¶¶ 9, 14-17, and by the default of Defendants. *Joe Hand Promotions, Inc. v. Sorondo*, 2011 WL 4048786, *3 (E.D.Cal. Sept. 9, 2011) ("By default, Defendants admitted to willfully violating Section 605 for the purposes of commercial advantage"); *J & J Sports Productions, Inc. v. Tilakamonkul*, 2011 WL 2414550, *4 (E.D. Cal. June 10, 2011) ("By his default, Defendant has admitted to willfully violating the referenced statutes for purposes of commercial advantage.').

With respect to enhanced statutory damages, this Court has previously cited to other federal statutes and "determined that the proper measure of punitive damages based on willfulness is an amount equal to a multiple of actual damages." *E.g. J & J Sports Productions, Inc. v. Lim*, Case No. 13-cv-08949, Dkt. No. 30 at 5, n.1 (C.D.Cal. Sept. 28, 2015) (citations omitted). While 47 U.S.C. § 605 does not mention a specific enhanced damages multiplier, there is an inference of up to a 10x multiplier. *See* 47 U.S.C. § 605(e)(3)(c)(i)(II) and (c)(ii) (permitting statutory damages up to $10,000 and enhanced damages up to $100,000).

In a 2017 case, this Court determined that 8x the statutory damages was an appropriate measure of enhanced statutory damages. *See J & J Sports Productions, Inc. v. Morris*, Case No. 14-cv-3266 (C.D.Cal. Feb. 16, 2017, Dkt. No. 69 at *2). Based on Plaintiff's requested statutory damages of $7,500, the resulting enhanced damages award utilizing an 8x multiplier would be $60,000. Plaintiff recognizes, however, that in *Morris* the Court awarded only the licensing fee itself as statutory damages. *Id.* at *1. As such, Plaintiff requests that the Court start with the calculus in *Morris* and award 8x the licensing fee as enhanced statutory damages, resulting in a base line enhanced statutory damages award of $20,000. In light of the $20.00 cover charge and advertising, that amount should then be increased by an additional $15,000, making the total enhanced statutory damages award $35,000.

Finally the damages requested by Plaintiff comport with the suggestion of the Ninth Circuit. In *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d

347 (9th Cir. 1999), the Ninth Circuit noted that "[t]he range in the statutory award might allow for a sanction that deters but does not destroy." *Id.* at 350. In *Lake Alice Bar*, the district court originally awarded $80,400 on default judgment. *Id.* at 349. At a hearing on a later motion to vacate the default judgment, the district court granted the defendant an opportunity to make an oral motion to reduce the award. *Id.* at 350. After the oral motion, the district court reduced the award to $4,000. *Id.* On appeal, the Ninth Circuit found this reduction procedurally improper and remanded so that both parties could be heard on the issue of damages. *Id.* In the course of entering its opinion, the Ninth Circuit stated that "[d]epending on the circumstances, a low *five figure judgment* may be a stiff fine that deters, while a *high* five figure judgment puts a bar out of business." *Id.* at 350 (emphasis added). Plaintiff requests a low five-figure judgment. While *Lake Alice Bar* is not controlling on the issue of damages, it does provide guidance.

III. PLAINTIFF IS ENTITLED TO DAMAGES FOR CONVERSION.

Damages for conversion are based on the value of the property at the time of the conversion. Cal.Civ.Code § 3336. In this case, Plaintiff requests $2,500.00 in conversion damages (the amount Defendants would have had to pay to broadcast the *Program* lawfully). *Gagliardi Affidavit* ¶ 8. California district courts have frequently granted conversion damages in addition to statutory damages. *J & J Sports Productions, Inc. v. Paolilli*, 2011 WL 6211905, *4 (E.D.Cal., Dec. 14, 2011) (awarding $6,200 in conversion damages in addition to $10,000 in statutory

damages and $30,000 in enhanced damages); *Sanchez*, 2011 WL 5041022 at *3. Plaintiff recognizes that this Court generally does not make an additional conversion damages award.

IV. PLAINTIFF IS ENTITLED TO COSTS AND REASONABLE ATTORNEYS' FEES.

47 U.S.C. § 605 mandates an award of costs and attorneys' fees to an aggrieved party. Specifically, the section states that the Court, "*shall direct* the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii) (emphasis added). Pursuant to C.D.Cal. L-R 55-3, Plaintiff requests $3,150.00 in attorneys' fees and requests that it be granted 14 days from the entry of judgment to submit its Motion for costs.

**CONCLUSION**

Based on the foregoing, default judgment against Defendants and in favor of Plaintiff is proper and should be entered with respect to Plaintiff's claims under 47 U.S.C. § 605 and Plaintiff's claim for conversion in the amounts requested herein.

Dated: November 21, 2018

*/s/ Thomas P. Riley*
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By: Thomas P. Riley
Attorneys for Plaintiff
G & G Closed Circuit Events, LLC

**PROOF OF SERVICE**

I declare that:

I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030. I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On November 21, 2018, I caused to serve the following document entitled:

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT BY THE COURT

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was addressed to:

Jose Antonio Trujillo (Defendant)
300 W. 5th St.
Santa Ana, CA 92701

Tortilla Spoon Corporation (Defendant)
300 W. 5th St.
Santa Ana, CA 92701

The fully sealed envelope with pre-paid postage was thereafter placed in our law firm's outbound mail receptacle in order that this particular piece of mail could be taken to the United States Post Office in South Pasadena, California later this day by myself (or by another administrative assistant duly employed by our law firm).

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on November 21, 2018, at South Pasadena, California.

Dated: November 21, 2018

/s/ *Janine Norris*
JANINE NORRIS